**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4286

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALE JOHNSON MATHEWS, a/k/a Jill,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00075-RJC-DCK-8)

Submitted: February 28, 2018                    Decided: March 2, 2018

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

W. Michael Dowling, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dale Johnson Mathews appeals his 46-month sentence imposed after he pled guilty, pursuant to a written plea agreement, to distribution of and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012).[1] Mathews' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether the district court erred in calculating Mathews' offense level.[2] Although notified of his right to file a pro se brief, Mathews has not done so. We affirm.

In evaluating a district court's Sentencing Guidelines calculations, "we review . . . legal conclusions de novo and factual findings for clear error." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Helton v. AT & T, Inc.*, 709 F.3d 343, 350 (4th Cir. 2013) (internal quotation marks omitted). However, when an appellant raises a Guidelines issue for the first time on appeal, we review for plain error. *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017) (discussing standard).

In the *Anders* brief, counsel questions whether the district court erred in including as relevant conduct a quantity of drugs seized from Mathews during an arrest prior to the

---

[1] The district court dismissed the count charging Mathews with conspiracy to distribute and possess with intent to distribute cocaine base.

[2] This case was initially consolidated with No. 17-4153, *United States v. Reid*, but we deconsolidated the appeals by separate order.

2

beginning of the charged conspiracy. Although counsel did not formally raise this issue before the district court, counsel requests that we review it for clear, rather than plain, error. Under the Guidelines, drug quantities not specified in the count of conviction are considered relevant conduct for sentencing when they are "part of the same course of conduct or common scheme or plan." U.S. Sentencing Guidelines Manual §§ 1B1.3(a)(2), 3D1.2(d) (2016). This "often includes a broader range of conduct than the conduct underlying the offense of conviction." *United States v. Young*, 609 F.3d 348, 358 (4th Cir. 2010).

Here, the challenged drug arrest occurred approximately four months before the beginning of the conspiracy in the same neighborhood as the conspiracy, and it involved the same drug, cocaine base, as the conspiracy. Furthermore, Mathews stipulated in his plea agreement to a drug quantity including the drugs at issue. We therefore conclude that, even under the clear error standard, the district court did not err in including the drug quantity as relevant conduct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Mathews, in writing, of the right to petition the Supreme Court of the United States for further review. If Mathews requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mathews. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*